**In re Robert Wade WEAVER, Debtor.**

**Bankruptcy No. 83–4381.**

United States Bankruptcy Court, N.D. Alabama.

April 25, 1985.

Harvey L. Wachsman and Elizabeth B. Pantazis of Gordon, Silberman, Loeb, Cleveland & Gordon, P.A., Birmingham, Ala., for Colonial Nat. Bank.

Thomas J. Knight, Anniston, Ala., for debtor.

## ORDER ON APPLICATION FOR COMPENSATION BY ATTORNEY FOR DEBTOR AND OBJECTION THERETO

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was commenced by a voluntary petition filed under title 11, chapter 7, United States Code, in the predecessor court, on August 16, 1983, and it continued under chapter 7 until converted by the debtor to a case under title 11, chapter 11, United States Code, on January 10, 1984, after a motion by the debtor to have the case dismissed had been denied by the Court. This case is presently pending before the bankruptcy judge under an order of reference by the district court, made after July 10, 1984. Upon request of the United States trustee, this case was reconverted to a case under said chapter 7, by order of the Court dated February 8, 1985, and it continues to be pending under said chapter 7.

With the debtor's original petition, an unsigned disclosure of fees paid or promised to the debtor's attorney was filed.[1] After the debtor's conversion of this case from a case under chapter 7 to one under chapter 11, the debtor's attorney filed an application for allowance of interim compensation, which stated that the request was for compensation for services "in said Chapter 7 proceeding." The application seeks an award of compensation in the sum of $1,581.25 and a reimbursement of expenses in the sum of $168.12; however, this attorney's disclosure of fees paid or promised showed $160.00 "paid" and $140.00 "to be paid."

The clerk of the bankruptcy court gave notice by mail to the parties in interest of the attorney's application for compensation and reimbursement of expenses, which advised that an objection could be made and a hearing requested. Within the allotted time for doing so, Colonial National Bank objected and requested a hearing, which was duly held. The debtor's attorney and the attorney for the bank were given an opportunity to file briefs and a detailed brief was submitted on behalf of said bank.

*Conclusions by the Court—*

The bankruptcy judge concludes that the disclosure of fees paid or promised which the debtor's attorney filed in the case under chapter 7 evidences an agreement between the debtor and said attorney for the debtor to pay the attorney the sum of $300.00 in connection with the preparation,

1. 11 U.S.C. § 329(a).

filing, and prosecution of the case under chapter 7. Such a bargain having been struck, the bankruptcy judge is of the opinion that the debtor's attorney has no legal claim to any additional compensation for services rendered while this case was originally pending under chapter 7, no matter what quantity and quality of services were rendered,[2] unless there had been some development (not present here) which would have occasioned significantly greater services than could reasonably have been contemplated by the original bargain between the debtor and the debtor's attorney.

The bankruptcy judge knows of no reason why the balance of $140.00 of the bargained-for fee cannot be awarded and paid from funds which may be available for such a payment. The same applies to the request for reimbursement of expenses in the sum of $168.12. It is obvious, without any specific finding of fact by the Court, that the fairly-extensive services rendered by the debtor's attorney in the commencement of this case and during its original pendency under chapter 7 and the circumstances incident thereto amply justify such award of compensation and the reimbursement of these expenses. The bankruptcy judge concludes that the objection by Colonial National Bank, otherwise, is well taken and should be sustained to that extent.

### Order by the Court

For good cause shown or found, it is ORDERED by the Court that the debtor's attorney is awarded compensation in the sum of $140.00, in addition to the sum paid by the debtor prior to the commencement of the case, for services rendered in commencing this case and during its original pendency under chapter 7, that said attorney is adjudged to be entitled to reimbursement of expenses in the sum of $168.12, that the trustee is authorized and directed to pay said sums from the funds of this estate as funds are, or may become available, for such payment, provided that the

debtor's attorney must sign the disclosure of compensation filed by him, before such payment may be made, that the objection by Colonial National Bank is, otherwise, sustained, that the application by the attorney for the debtor is, otherwise, denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, the debtor's attorney, the attorney for Colonial National Bank, the case trustee, and the United States trustee for this district.

---

**2.** Cf. In re. Warrior Drilling & Eng'g Co., 18 B.R. 684 (N.D.Ala.1981), modifying 9 B.R. 841, 7 B.C.D. 618 (B.C.N.D.Ala.1981).